FTB:SMS
F. #2024R00536

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | I N F O R M A T I O N |
| - against - | Cr. No. _____ |
| | (T. 18, U.S.C., §§ 924(d)(1), 933(a)(3), |
| RANDY SPRINGER, | 933(b), 934(a)(1) and 3551 et seq.; T. 21, |
| | U.S.C., §§ 841(b)(1)(A)(viii), 846, |
| Defendant. | 853(a) and 853(p); T. 28, U.S.C., |
| | § 2461(c)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances)

1.  In or about and between June 2024 and October 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RANDY SPRINGER, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(A)(viii); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWO
(Firearms Trafficking Conspiracy)

2. In or about and between July 2024 and October 2024, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant RANDY SPRINGER, together with others, did knowingly and intentionally conspire to (a) ship, transport, transfer, cause to be transported and otherwise dispose of one or more firearms to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying and possession of a firearm by the recipient would constitute a felony; and (b) receive from another person one or more firearms, in and affecting interstate and foreign commerce, knowing or having reasonable cause to believe that such receipt would constitute a felony, contrary to Title 18, United States Code, Sections 933(a)(1) and 933(a)(2).

(Title 18, United States Code, Sections 933(a)(3), 933(b) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT ONE

3. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

  5.  The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 924(d)(1) and 934(a)(1), and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; (b) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense; and (c) any firearm or ammunition involved in or used in any violation of any criminal law of the United States.

  6.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)  cannot be located upon the exercise of due diligence;

    (b)  has been transferred or sold to, or deposited with, a third party;

    (c)  has been placed beyond the jurisdiction of the court;

    (d)  has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Sections 924(d)(1) and 934(a)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

*By David Pitluck, Assistant U.S. Attorney*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK